IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEBASTIAN PARKER,

                              OPINION AND ORDER

            Plaintiff,

                              11-cv-527-slc[1]

    v.

MARY LISER, TOM ROSS,
STATE EMPLOYEES,
SECURITY STAFF DS-1
and MUSIC ROOM PERSON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Sebastian Parker has filed a proposed complaint under 42 U.S.C. § 1983 regarding his treatment at the Columbia Correctional Institution.  Now that plaintiff has made an initial partial payment as required by 28 U.S.C. § 1915(b)(1), I must screen the complaint to determine whether it states a claim upon which relief may be granted.  28 U.S.C. §§ 1915 and 1915A.  Having reviewed the complaint, I conclude that it must be dismissed, but I will give plaintiff an opportunity to file an amended complaint that gives proper notice of his claims.

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

Plaintiff's complaint is not easy to follow, but several of his claims seem to be related to perceived failures by various officials to help him file grievances or take corrective action on employee misconduct. In particular, he says that defendant Mary Liser, an inmate complaint examiner, "does not provide information that helps for [his] complain[t]s." He says that other, unnamed officials "do not interv[e]ne" when he complains and fail to correct "fals[e] conduct reports."

Although plaintiff's allegations are vague, he does not seem to be alleging that any of these officials harmed him directly. Rather, his claim seems to be that they are refusing to correct problems after they occur.

To the extent plaintiff is complaining about the effectiveness of the grievance system, his complaint does not state a claim under the Constitution. Prison officials may not prevent a prisoner from filing grievances or retaliate against him for filing one, DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000), but they are under no constitutional obligation to provide an effective grievance system or, for that matter, any grievance system at all. Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of Owens's grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."); see also Grieveson v. Anderson, 538 F.3d 763, 772-73 (7th Cir. 2008); Antonelli v. Sheahan, 81 F.3d

2

1422, 1431 (7th Cir. 1996).  If a prison official fails to give individualized consideration to a grievance, this certainly runs counter to the problem-solving purpose of a grievance system, but it does not prevent or hinder a prisoner from filing a lawsuit, as is demonstrated by plaintiff's bringing of this case.

More generally, the Court of Appeals for the Seventh Circuit has rejected the view "that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) Rather, "[o]nly persons who cause or participate in the violations are responsible." Id. See also Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009) (rejecting "contention that any public employee who knows (or should know) about a wrong must do something to fix it"); Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) ("[T]he Constitution . . . does not require states to prosecute persons accused of wrongdoing."). In this case, because plaintiff is not alleging that Liser and the unnamed defendants caused any particular constitutional violation, the claims against those defendants must be dismissed.

Next, plaintiff alleges that he believes he has "T.B.," but the "health department" treats him "as if [he is] he[a]lthy [as] a horse." Presumably, plaintiff is referring to tuberculosis, but it is not clear from his complaint what he believes the constitutional violation is.  I cannot allow plaintiff to proceed on this claim unless plaintiff supplies information showing that he has a serious medical need and that prison staff members are

3

aware of that need, but are refusing to help him.  Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997)

I will give plaintiff a chance to file an amended complaint in which he explains his situation more fully.  In particular, plaintiff's amended complaint should answer the following questions:

(a) what medical condition does plaintiff believe he has?

(b) why does plaintiff believe he has that condition?

(c) what does plaintiff want prison officials to do about his condition, that is, what treatment does plaintiff believe he needs that he is not receiving?

(d) why does plaintiff believe he needs that treatment?

(e) has plaintiff received any treatment for his condition? if so, what treatment has he received?

(f) has plaintiff spoken to any prison staff about his condition?  which ones?

(g) if plaintiff has spoken to prison staff about his condition, what has their response been?

(h) which members of the prison staff does plaintiff believe are responsible for failing to give him treatment? why does he believe these individuals are responsible?

It is important that plaintiff identify in his amended complaint particular *individuals* he believes are violating his constitutional rights.  He cannot sue "the health department"

4

or "state employees" generally. He must identify particular actions by particular people. In addition, he should list the names of those individuals in the caption of his complaint. More generally, he should write his amended complaint as if he is telling a story to people who know nothing about his situation.

Plaintiff has accompanied his complaint with a motion for appointment of counsel. Dkt. #8. This motion must be denied because it is too early to tell whether it is appropriate to appoint a lawyer for plaintiff. To begin with, the general rule is that a court should not appoint a lawyer until the plaintiff makes reasonable efforts to find a lawyer on his own and is unsuccessful. <u>Jackson v. County of McLean</u>, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he asked to represent him in this case and who turned him down. Plaintiff has not done this. Further, it would not be a wise use of resources to appoint a lawyer until the court can determine whether plaintiff has alleged a constitutional violation. Plaintiff may renew his motion after he has filed an amended complaint and has made reasonable efforts to find a lawyer on his own.

ORDER

IT IS ORDERED that

1. Plaintiff Sebastian Parker's motion for appointment of counsel, dkt. #8, is

DENIED as premature.

2. Plaintiff's complaint is DISMISSED for his failure to state a claim upon which relief may be granted. Plaintiff may have until September 26, 2011 to file an amended complaint that gives fair notice of his claims as described in this order.

3. If plaintiff does not respond by September 26, the clerk of court is directed to close the case.

Entered this 9th day of September, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge