IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEBASTIAN PARKER,

                    OPINION AND ORDER

       Plaintiff,

                    11-cv-527-slc[1]

  v.

MARY LISER, TOM ROSS,
STATE EMPLOYEES,
SECURITY STAFF DS-1
and MUSIC ROOM PERSON,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Pro se plaintiff Sebastian Parker has filed a response to this court's September 9, 2011 order, dkt. #9, informing plaintiff that his complaint failed to state a claim upon which relief may be granted. I noted that plaintiff's complaint was not easy to follow, but several of his claims seemed to be related to perceived failures by various officials to help him file grievances or take corrective action on employee misconduct. I informed plaintiff that the Constitution does not require prison officials to assist prisoners in filing grievances or to take particular corrective actions *after* a constitutional violation has occurred. In addition,

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

plaintiff alleged that he was not receiving adequate medical care, but he failed to include enough details to give notice of his claim as required by Fed. R. Civ. P. 8. I gave plaintiff an opportunity to file an amended complaint to explain his medical situation more fully and I posed several questions for plaintiff to answer. Among other things, I wrote that "[i]t is important that plaintiff identify in his amended complaint particular *individuals* he believes are violating his constitutional rights. He cannot sue 'the health department' or 'state employees' generally. He must identify particular actions by particular people. In addition, he should list the names of those individuals in the caption of his complaint." Dkt. #9, at 3-4.

       Plaintiff has filed two responses to the September 9 order, neither of which includes a caption. Dkt. ##12 and 13. In one of these responses, plaintiff says that he is asking that his "false conduct reports are dismissed from [the] record and to a[d]just [his] sentence credit time." Dkt. #13 at 1. However, he has not included any new allegations suggesting that a conduct report he received violated his constitutional rights. In the alternative, plaintiff asks for "2-3 months" to do research on this claim. That request will be denied for two reasons. First, the problem with plaintiff's claim is not that he failed to research the law, but that the *facts* he alleges do not state a claim upon which relief may be granted. Giving him more time to do legal research would not be helpful. Second, the relief plaintiff seeks cannot be granted in a federal civil action. Because plaintiff is seeking to change the length

2

of his sentence, he must file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 *after* he has exhausted his remedies in state court. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973).

In plaintiff's other response, he includes more facts about his medical condition. In particular, he says that he has "ribs pain" and that x-rays he received in the past have shown that his lungs are black, but he is not receiving any follow up care. The problem with this response is that plaintiff still fails to identify *a person* who has violated his right to medical care.

I will give plaintiff one more chance. Plaintiff should file an amended complaint that includes *all* of his allegations about his medical situation. In addition to describing his medical problem, plaintiff should identify which members of the prison staff he believes are responsible for failing to give him treatment and why he believes these individuals are responsible. In particular, plaintiff should identify which members of the prison staff know about his medical problem, what he has said to them about his problem and what their response has been. Finally, the amended complaint should be signed and it should include a caption that lists each individual defendant whom plaintiff is suing.

ORDER

IT IS ORDERED that plaintiff Sebastian Parker may have until November 4, 2011,

3

to file an amended complaint as described in this order.  If plaintiff fails to respond by that date, I will dismiss the case for failure to state a claim upon which relief may be granted and assess a strike in accordance with 28 U.S.C. § 1915(g) and Paul v. Marberry, No. 10-3670, — F.3d —,  2011 WL 3930211, *2 (7th Cir. Sept. 6, 2011).

Entered this 20th day of October, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge